**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

GREGORY CARTER,

                    Plaintiff,

v.                                          CIVIL ACTION NO.   5:15-cv-04984

UNITED STATES OF AMERICA,

                    Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Magistrate Judge's *Proposed Findings and Recommendation* (PF&R) (Document 24) and the Defendant's *Response to Proposed Finding and Recommendation* (Document 25).   The Court has also reviewed the Plaintiff's *Complaint* (Document 1), the *United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction* (Document 5) and *Memorandum in Support* (Document 6), and the Plaintiff's *Response to Memorandum of Support by United States Motion to Dismiss for Lack of Subject Matter Jurisdiction* (Document 21).   For the reasons set forth herein, the Court finds that the Magistrate Judge's PF&R should be adopted, and the Plaintiff's *Response* overruled.

**PROCEDURAL HISTORY**

The procedural history in this case was set forth in exhaustive detail by the Magistrate Judge in his PF&R, and the Court hereby incorporates it by reference.   To provide context for the ruling herein, the Court sets forth the following summary.

The Plaintiff filed his *Complaint* on April 21, 2015, seeking relief under the Federal Tort Claims Act (FTCA), 28 U.S.C. 1346 and 2671, *et seq.*   (Pl.'s Complaint, at 1.)   On June 16, 2015, the United States moved to dismiss, arguing that the Plaintiff's injury was considered *de minimis* for purposes of the FTCA, and therefore not actionable.   (Def. Mot. to Dismiss, at 1.)   On December 4, 2015, the Plaintiff filed his response in opposition.

The Magistrate Judge filed his PF&R on January 25, 2016.   The Magistrate Judge found "no indication that [the] Plaintiff suffered more than a *de minimis* injury" to his back, neck, or right ankle.   (PF&R, at 14-15.)   The Magistrate Judge recommended that this Court grant the United States' motion to dismiss, dismiss the Plaintiff's Complaint, and remove this matter from the docket.   (PF&R, at 18.)   The Plaintiff filed his response on February 22, 2016.   The Magistrate Judge's PF&R is, therefore, ripe for review.

## STATEMENT OF FACTS

The following facts are drawn from the Plaintiff's Complaint, and from the Plaintiff's medical records, attached to the United States' motion to dismiss.   On December 30, 2013, shortly after the Plaintiff arrived at FCI-Beckley, he was seen by Nurse Practitioner (NP) James Ellis. (Medical Records, at 19-29, att'd as Ex. 1 to Def. Mot. to Dismiss.)   The Plaintiff complained of joint pain, and NP Ellis found that the Plaintiff's right ankle was bruised and tender due to a recent sprain or strain, incurred prior to incarceration.   (*Id.* at 26.)   The Plaintiff admitted that he fell down while drinking prior to entering FCI-Beckley.   (*Id.*)   The same day, the Plaintiff was seen by Dr. Dominick McLain for a routine medical screening.   (*Id.* at 30-36.)   He complained of back, neck, and right ankle pain.   (*Id.*)   Dr. McLain noted that there was significant swelling to the Plaintiff's ankle and ordered x-rays of the Plaintiff's neck and lower back. (*Id.*)

2

The x-rays of the Plaintiff's right ankle, lower back, and neck were performed on January 8, 2014, and all were negative.  (*Id*. at 103-110.)  The next day, the Plaintiff was seen by an orthopedic surgeon, and given an ankle brace and a crutch.  (*Id*. at 37-40, 111-112.)  The Plaintiff was seen by PA Joe Cooper on January 22, 2014, and reported that his ankle continued to bother him, and that his pain level was "6" on scale of 1-10.  (*Id*.)  On March 7, 2014, the Plaintiff returned his crutch, and was issued a walking cane.  (*Id*. at 47.)  Dr. McLain re-evaluated the Plaintiff on March 28, 2014, found that his right ankle remained swollen, and prescribed Ibuprofin and Amitriptyline.  (*Id*. at 51.)

On or about May 3, 2014, between 5:00 and 6:00 a.m., the Plaintiff alleged that he awoke to find his cell filled with two inches of standing water.  (Pl.'s Complaint, at ¶11.)  The Plaintiff complained to Correctional Officer Lagowski about the water, and requested assistance.  (*Id*. at ¶12.)  The Plaintiff claims that Officer Lagowski instructed the Plaintiff that he would have to wait until shift change before the water could be drained. (*Id*.)  The Plaintiff claims that later that morning, as he walked across his cell, he slipped in the water, fell, and injured his ankle and back. (Id. at ¶13.)   After calling for Officer Lagowski, the Plaintiff claims that he was ordered, despite his injuries, to walk to the Lieutenant's office.  (Id. at ¶14.)  The Plaintiff claims to have fallen a second time while trying to comply with Officer Lagowski's order, resulting in a neck injury.  (*Id*. at ¶16.)  Officer Lagowski then allegedly left and returned with a wheelchair, which was used to assist the Plaintiff to the Lieutenant's office.  (*Id*. at ¶18.)  The Plaintiff claims that rather than treating his injuries, the officers "ridiculed" him, accused him of "fabricating his injuries," and informed him that he would be sent to the Special Housing Unit as punishment.  (*Id*.)  The Plaintiff claims that as a "direct and proximate result of the negligent conduct" of employees of

3

the Bureau of Prisons, he suffered "damages, including physical injury, pain and suffering, and emotional distress and harm." (*Id*. at ¶19.)

On May 3, 2014, the Plaintiff was evaluated following his complaint that he had fallen twice in his cell due to flooding. (Medical Records, at 54-56, att'd as Ex. 1 to Def. Mot. to Dismiss.) The Plaintiff complained that he "fell and hurt [his] right ankle," and that his "neck hurts from hitting [his] head." (*Id*.) Registered Nurse Marti Owens examined the Plaintiff's head and ankle and found nothing significant beyond chronic swelling to the Plaintiff's right ankle. (*Id*.) Owens ordered an x-ray of the Plaintiff's right ankle and also issued an ACE wrap. (*Id*.) On May 28, 2014, the Plaintiff reported to sick call at FCI-Beckley, complaining of neck and ankle pain, which he traced to his fall on May 3, 2014. (*Id*. at 57-58.) The Plaintiff reported his pain as a "6" on a scale of 1 to 10, and PA Cooper noted he had a limited range of motion in his cervical spine, but no swelling. (*Id*.) PA Cooper diagnosed the Plaintiff with a neck sprain/strain, and prescribed Prednisone, 60 mg. (*Id*.) PA Cooper also ordered x-rays of the Plaintiff's back. (*Id*.)

A second x-ray of the Plaintiff's right ankle was performed on June 3, 2014, and the x-ray was negative. (*Id*. at 115.) A repeat x-ray of the Plaintiff's back was conducted on June 17, 2014, and was also negative. (*Id*. at 118.) An MRI of the Plaintiff's ankle was performed on July 7, 2014, and revealed tenosynovitis, or swelling of the tendon, and diffuse soft tissue swelling, but no evidence of complete tendon disruption, no ligamentous disruption, and no acute fracture. (*Id*. at 119.)

The Plaintiff received a chronic care examination on July 11, 2014, by PA Cooper. PA Cooper renewed the Plaintiff's prescriptions for Amitriptyline and Ibuprofin, but noted no additional injuries. (*Id*. at 59-64.) During this visit, the Plaintiff reported his pain as a "5" on a

scale of 1 to 10.   (*Id*.)   The Plaintiff again saw PA Cooper on July 21, 2014, and PA Cooper noted mild swelling in the Plaintiff's right ankle.   (*Id*. at 65-67.)   The Plaintiff again visited sick call on September 16, 2014, complaining of continued pain in his right ankle.   (*Id*. at 71-73.)   The Plaintiff was found to have mild swelling in his right ankle, and was referred to an orthopedic surgeon.   (*Id*.)   On October 2, 2014, the Plaintiff was evaluated by an orthopedic surgeon, who diagnosed the Plaintiff with tendonitis in his right foot and ankle.   (*Id*. at 80, 121.)   After complaining of persistent ankle pain again on November 24, 2014, and November 26, 2014, the Plaintiff was given a steroid injection.   (*Id*.)

The Plaintiff again complained of ankle pain during a chronic care visit on January 15, 2015.   (*Id*. at 85-91.)   The Plaintiff was evaluated by an orthopedic surgeon on February 13, 2015, who recommended an EMG to determine if the Plaintiff suffered from tarsal tunnel syndrome.   (*Id*. at 96, 98, 125.)   The Plaintiff reported to sick call on June 1, 2015, complaining of right ankle plain.   (*Id*. at 99-101.)   The Plaintiff rated his pain as a "3" on a scale of 1 to 10. (*Id*.)   The PA noted that the Plaintiff had not been compliant with wearing his ankle brace, but that an EMG would be scheduled pursuant to the recommendations of the orthopedic surgeon. (*Id*.)

## STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory

objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).   When reviewing portions of the PF&R de novo, the Court will consider the fact that the Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction.   *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

## DISCUSSION

The Plaintiff raises one objection to the Magistrate Judge's PF&R[1].   The Plaintiff argues that his injuries exceeded the *de minimis* threshold.   (Pl.'s Objections, at 1.)   The Plaintiff attached a number of reports to his objections, which he considers "new evidence" in support of this claim.   (*Id.*)   The Court has reviewed each of these attachments, and notes that the "new evidence" cited by the Plaintiff consists of the Plaintiff's medical records from FCI-Beckley, which were relied upon by Magistrate Judge Aboulhosn in his PF&R.   The Plaintiff alleges that these records indicate that his injuries were extensive, and sufficient to sustain a claim under the FTCA.   (Pl.'s Objections, at 1.)   The Court cannot agree.

Regarding the Plaintiff's alleged injuries to his back and neck, the Plaintiff admitted to the FCI-Beckley staff that he had a "compensation injury" from the State of Ohio which resulted in chronic neck and back pain prior to his incarceration.   (Medical Records, att'd as Ex. 1 to Pl.'s

---

1   The Plaintiff makes various other claims in his objections, including that his treatment by officers at FCI-Beckley amounted to a violation of his civil rights, that members of the FCI-Beckley medical staff "lied" in their reports, and that staff at FCI-Beckley sought to conceal the report of Dr. Syed A. Zahir, M.D.   (Pl.'s Objections, at 1-3.   However, in making these objections, the Plaintiff fails to direct the Court to the portion of the Magistrate Judge's PF&R to which he objects.   Nor are these objections in any way related to his sole cause of action, which arises under the FTCA.   Thus, the Court is not required to review these objections under a *de novo* or any other standard.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   However, the Court does note, in regard to the Plaintiff's claims that FCI-Beckley sought to conceal the report of Dr. Syed A. Zahir, M.D., that the same record relied upon by the Plaintiff was attached by the United States to its motion to dismiss.

Complaint, at 19-35.)   The only neck and back symptoms reported by the Plaintiff in this case were "pain" and a limited range of motion.   All x-rays taken of the Plaintiff's back were negative. At no time did the FCI-Beckley medical staff observe any redness, contusions, hematomas, or other observable injury.   The only diagnosable condition that the medical staff found regarding the Plaintiff's back was mild degenerative disk disorder. (*Id.* at 118.)   There is no evidence that this condition was the result of injuries sustained by the Plaintiff at FCI-Beckley.   As the Magistrate Judge noted in his PF&R, a *de minimis* injury includes a "sore muscle, an aching back, a scratch, an abrasion, a bruise, etc … [like those that] people in the regular and ordinary events and activities in their daily lives do not seek medical care for."   (PF&R, at 13, quoting *Perez v. United States*, 330 Fed.Appx. 388, 389 (3rd Cir. 2009)[2].   Thus, the Magistrate Judge correctly determined that the alleged injuries to the Plaintiff's back and neck were *de minimis*, and that recovery was barred under the FTCA.

Regarding the Plaintiff's alleged injuries to his right ankle, it is clear from the record that the Plaintiff entered FCI-Beckley with a pre-existing ankle injury which caused moderate pain and stiffness.   The primary symptoms reported by the Plaintiff during the events at issue in this case were pain, swelling, and limitation of his range of motion.   An x-ray taken of the Plaintiff's ankle shortly after his arrival at FCI-Beckley was negative.   Subsequent x-rays taken of the Plaintiff's ankle were also negative.   An MRI taken of the Plaintiff's ankle revealed no medically significant findings beyond soft tissue swelling and tenosynovitis, or swelling of the tendon.   (Medical Records, at 119, att'd as Ex. 1 to Def. Mot. to Dismiss.)   At no time did the FCI-Beckley medical

---

[2]   As the Magistrate Judge noted, the Fourth Circuit applies a nearly identical test.   *See, e.g.*, *Hill v. Crum*, 727 F.3d 312 (4th Cir. 2013) (citations omitted) (finding that *de minimis* injuries include bruising, swelling, back and shoulder aches of limited duration, loosened teeth, and even a hairline fracture requiring "little medical treatment and no pain medication.")

staff find any significant injury to the Plaintiff's ankle.   To the contrary, when the staff was able to identify any physical symptoms of the Plaintiff's injury, they were limited to mild swelling. Moreover, as the Magistrate Judge noted, the Plaintiff complained of ankle pain before his alleged fall, and continued to complain of similar pain and stiffness after his fall.   (PF&R, at 17.)   The Magistrate Judge correctly noted that the temporary aggravation of a pre-existing condition, such as the Plaintiff's injury to his right ankle, is a *de minimis* injury.   (PF&R, at 14, citing *Wertish v. Krueger*, 433 F.3d 1062 (8th Cir. 2006); *Jones v. FCI Beckley Medical Employees*, 2013 WL 530861 (S.D.W.Va. January 11, 2013) (alleged aggravation of a prior "disc condition" was *de minimis*); *McKinney v. United States*, 2013 WL 4050146 (N.D.Tex. Aug. 9, 2013).

In objecting to the Magistrate Judge's findings, the Plaintiff relies heavily on a record entry by Dr. Syed A. Zahir, M.D., from February 23, 2015.   The record in question indicates that the Plaintiff suffers ongoing "pain and discomfort" in his right foot and ankle, that "injections helped him only for a few days," that he has "tenderness around the tibialis posterior and medial surface of the right ankle" and "numbness of his foot."   (Medical Records, at 1, att'd as Ex. 1 to Pl.'s Objections.)   Dr. Zahir indicated that he would "order EMG studies" of the Plaintiff's right foot for "tarsal tunnel syndrome," and that the "patient is going to require[sic] to have possible surgery, decompression as well as synovectomy …"   (*Id*.)   The Plaintiff claims that he was scheduled for the EMG test, but that when he was taken for the test, "the place [was] closed" and the appointment was "never rescheduled."

Nothing in this record supports granting the Plaintiff's objection.   Dr. Zahir's record merely recommended a test.   The Plaintiff's speculation that the results of the test, which was never performed, would provide evidence of a more substantial injury is not sufficient to

overrule the Magistrate Judge.   As a result, the Magistrate Judge was correct in finding that the Plaintiff was unable to recover under the FTCA for the alleged injury to his right ankle.

## CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that the Magistrate Judge's *Proposed Finding and Recommendation* (Document 24) be **ADOPTED** and the Plaintiff's objections (Document 25) **OVERRULED**.   The Court further **ORDERS** that the *United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction* (Document 5) be **GRANTED** and the Plaintiff's *Complaint* (Document 1) **DISMISSED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:   March 2, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA