# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

GREGORY CARTER,

                Plaintiff,

v.                            CIVIL ACTION NO. 5:15-cv-04984

UNITED STATES OF AMERICA,

                Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Defendant United States of America's Motion to Alter or Amend the November 4, 2019 Memorandum Opinion and Verdict* (Document 135) and the *Defendant United States of America's Memorandum of Law in Support of Its Motion to Alter or Amend the November 4, 2019 Memorandum Opinion and Verdict* (Document 136).[1] Therein, the United States urges the Court to reconsider its finding, following a bench trial, that the United States was liable for injuries sustained by the Plaintiff as a result of a fall in his flooded prison cell. It argues that the Court's ruling was based on a clear error of law because the Court improperly considered the governmental actor's subjective intent in declining to apply the discretionary function exception. It contends that the Court's assessment, as fact-finder, as to how a reasonably prudent correctional officer would have handled the incident "undercuts the very purpose of the discretionary function exception." (Mem. at 8.)

---

[1] The Plaintiff's response would be due on or about December 17, 2019. Because the issues and arguments presented are similar to those presented in a motion to dismiss and at trial, the Court finds that a response brief is not necessary to permit an informed ruling.

Rule 59(e) of the Federal Rules of Civil Procedure permits a motion to alter or amend a judgment within 28 days of the entry of judgment. The Fourth Circuit has "recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* The Fourth Circuit has further cautioned that reconsideration after entry of judgment should be used sparingly. *Id.*

The Court addressed the discretionary function exception in a *Memorandum Opinion and Order* (Document 112) denying a motion to dismiss, as well as in the *Memorandum Opinion and Verdict* (Document 128) following the bench trial. The discretionary function exception applies to conduct that "involves an element of judgment or choice" and "that judgment is of the kind that the discretionary function exception was designed to shield." Berkovitz by Berkovitz v. United States, 486 U.S. 531, 536 (1988). The Court found that the evaluation of how to handle a flooded cell involves an element of choice.[2] However, in denying the motion to dismiss, the Court further found that "[t]he decision of whether to leave inmates in a flooded cell does not appear on its face to implicate policy considerations." (Document 112 at 7.) The Court concluded that application

---

2 The Court's finding that the response to a flooded cell involves an element of choice is simply a recognition that no mandatory regulation addresses the issue, and correctional officers may determine how to proceed. An officer could, for example, remove the inmates to another location, provide supplies to clean and dry the cell, or send maintenance workers. The Court's finding was not intended to suggest that *whether* to address the flooded cell at all was discretionary.

of the discretionary function question turned on disputed factual issues involving whether limited staff availability implicated safety concerns with opening the cell.

The United States contends that, having found that the officers involved had some level of discretion, the Court must presume that the exercise of that discretion was grounded in policy. A plaintiff "must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." *United States v. Gaubert*, 499 U.S. 315, 324–25 (1991). The decision of how to handle a flooded cell involves discretion, but is not, on its face, susceptible to policy analysis. Decisions implicating security of the institution are discretionary decisions susceptible to policy analysis. Thus, the officers' determination of how to handle a flooded cell is susceptible to policy analysis *only* if that decision implicated security concerns. As the Plaintiff argued, the BOP is required to provide suitable quarters for inmates, and a flooded cell does not constitute suitable quarters. The Plaintiff met his burden of alleging facts suggesting that the challenged actions were not grounded in policy. Because the United States contended that security of the institution prevented prompt action to resolve the flooded cell, the Court heard evidence to determine whether the facts supported a finding that the security concerns were implicated. If the facts had supported a finding that the decision of how to address the flooded cell did implicate security concerns, the discretionary function exception would have applied, and the Court would not have addressed whether the officers exercised their discretion appropriately or negligently. However, the facts did not support the United States' contention that opening the cell posed a security risk. The evidence, as assessed by the Court, established that sufficient staff were available to correct the hazard posed by the flooded cell without waiting approximately two hours for day shift to begin. Therefore, the Court

addressed the question of negligence under long-established legal standards and concluded that the employees were negligent.

The Court more fully addressed the arguments raised by the United States in its prior opinions.[3] Wherefore, after careful consideration, and for the reasons stated in those prior opinions as well as herein, the Court **ORDERS** that the *Defendant United States of America's Motion to Alter or Amend the November 4, 2019 Memorandum Opinion and Verdict* (Document 135) be **DENIED**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: December 10, 2019

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

3 A Rule 59(e) motion for reconsideration is generally not warranted where a court has previously considered and rejected an argument and no new legal authority alters the analysis.